No. 47381.—Protests 989803–G, etc., of Union Brokerage Co. (Pembina).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving.   Protests sustained to this extent.

No. 47382.—Protests 997050–G, etc., of Union Brokerage Co. (Pembina).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving.   Protests sustained to this extent.

No. 47383.—Protests 997057–G, etc., of A. N. Deringer, Inc. (St. Albans).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported, and that no addition should have been made for the planing, tonguing, and grooving.   Protests sustained to this extent.

BEFORE THE SECOND DIVISION, JULY 10, 1942

No. 47384.—Protests 1606–K, etc., of Indo Persian Fine Art Co. (New York).

Opinion by TILSON, J.   From an examination of the record it was found that certain of the items consist of woven silk mufflers similar in all material respects to those involved in protest 984394–G (Abstract 44055).   In accordance therewith those imported prior to the effective date of the trade agreement with the United Kingdom (T. D. 49753) were held dutiable at 60 percent under paragraph 1209, and those imported subsequent to that date were held dutiable at 35 percent under paragraph 1209 and T. D. 49753, as claimed.

No. 47385.—Protests 1236–K/88656, etc., of Davies, Turner & Co. (Chicago).